# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

U.S.A. vs. PHILLIP RIOPELLE

FILED

Docket No. 3:02CR00292(DJS)

### Petition For Modification of Conditions or Term of Probation/Supervised Release with the Consent of the Offender

2005 NOV -4 P 3:22

DISTRICT COURT

      **COMES NOW**, Brian J. Topor, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Phillip Riopelle who was sentenced to 24 months for a violation of 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography, by the Honorable Dominic J. Squatrito sitting in the court in Hartford, Connecticut on January 8, 2003, and imposed the general terms and conditions theretofore adopted by the court and also imposed the special condition and terms as follows: 1) The defendant shall maintain total abstinence from drugs and alcohol; 2) The defendant shall participant in a substance abuse treatment program either inpatient or outpatient, as approved by the probation officer, which may include testing to determine if he has used drugs or alcohol. He shall pay all or a portion of, the costs associated with treatment, based on his ability to pay, in an amount to be determined by the probation officer; 3) The defendant shall participate in a mental health treatment program, with an emphasis on sexual offender treatment, either inpatient or outpatient, to include participation with polygraph administration, as approved by the probation officer. He shall pay all or a portion of, the costs associated with treatment, based on his ability to pay, in an amount to be determined by the probation officer; 4)The defendant shall be prohibited from accessing, possessing, or downloading any child pornography from any computer; 5) The defendant shall consent to having the installation of any hardware or software systems in order to monitor his computer usage. The defendant shall notify any individual with whom he resides of this condition; See attached for additional conditions Phillip Riopelle began supervision on NOVEMBER 5, 2004.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**
On October 4, 2005, Mr. Riopelle was involved in a motor vehicle accident that totaled his vehicle. Upon questioning Mr. Riopelle about this incident, he eventually admitted that upon returning home from a billiards club, where he had been drinking alcohol, he "fell asleep at the wheel." Mr. Riopelle failed to advise the Probation Office of this accident and it only became known upon observing his wrecked vehicle during a home visit. Mr. Riopelle has also admitted to consuming alcohol as a "sleep aid."

On October 29, 2005, Mr. Riopelle, with counsel, Richard Brown, present, met with the probation officer for the purpose of discussing Mr. Riopelle's alcohol consumption. During this meeting, all agreed that Mr. Riopelle's alcohol consumption was a serious matter and that additional structure in his life would be helpful. It was suggested and agreed upon by all, that this could be accomplished by placing Mr. Riopelle on home confinement with electronic monitoring, with the Sobrietor, for a period of 90 days.

**PRAYING THAT THE COURT WILL ORDER** that this petition will serve:

    ☐ To extend the term of probation/supervised release for  years, for a total term of  years.
    ■ To modify the conditions of supervision as follows:

The defendant shall be placed on home confinement with electronic monitoring with the Sobrietor, for a period of 90 days. The defendant shall make all provisions for the appropriate installation of the electronic monitoring equipment. Further, the defendant shall comply with all conditions of electronic monitoring as required by the United States Probation Office. The defendant shall be allowed out of his residence for employment, to seek employment, medical, legal and treatment appointments, religious obligations and as otherwise pre-approved by the U.S. Probation Office. The defendant is not required to pay the costs of the electronic monitoring nor for the Sobrietor. A signed Waiver of Hearing to Modify Conditions is attached.

    The attorney for the defendant has been notified and concurs the special condition.

**ORDER OF COURT**

Considered and ordered this 4th day of November, 2005, and ordered filed and made a part of the records in the above case.

The Honorable Dominic J. Squatrito
Senior United States District Judge

Respectfully Submitted,

_____
Brian J. Topor
Senior United States Probation Officer

Place: Hartford, Connecticut

Date: _____

6) The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the probation officer, of any computer-related restrictions that are imposed; 7) The defendant shall have no unsupervised contact with any child under 18 year of age, including his daughter. Supervision of his interaction with any child should be only with the approval of the probation officer and treatment provider. The defendant may however have unsupervised contact with his son, William; 8) The defendant shall permit the probation officer, accompanied by either local, state or federal enforcement authorities, to conduct a search of the defendant's residence, automobile and workplace for the presence of any sexually explicit material of an unlawful nature; and 9) The defendant must register as a sex offender in any state that he resides, is employed in, carries on a vocation, or is a student.

PROB 49
(3/89)

# United States District Court
### District of Connecticut

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall be placed on home confinement with electronic monitoring with the Sobrietor, for a period of 90 days. The defendant shall make all provisions for the appropriate installation of the electronic monitoring equipment. Further, the defendant shall comply with all conditions of electronic monitoring as required by the United States Probation Office. The defendant shall be allowed out of his residence for employment, to seek employment, medical, legal and treatment appointments, religious obligations and as otherwise pre-approved by the United States Probation Office. The defendant is not required to pay the costs of the electronic monitoring nor for the Sobrietor.

Witness: _____
Brian J. Topor
Senior U.S. Probation Officer

Signed: _____
Phillip Riopelle
Supervised Releasee

_____
11/03/2005
Date

