# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

U.S.A. vs. PHILLIP RIOPELLE                    Docket No. 3:02CR00292(DJS)

### Petition For Modification of Conditions or Term of Probation/Supervised Release with the Consent of the Offender

**COMES NOW,** Jennifer Amato, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Phillip Riopelle who was sentenced to 24 months' for a violation of 18 U.S.C. 2252A(a)(5)(B), Possession of Child Pornography, by the Honorable Dominic J. Squatrito, Senior U.S. District Judge sitting in the court in Hartford, Connecticut on January 8, 2003, and imposed the general terms and conditions theretofore adopted by the court and also imposed the special condition and terms as follows: 1) The defendant shall maintain total abstinence from drugs or alcohol; 2) The defendant shall participate in substance abuse treatment program either inpatient or outpatient, as approved by the probation officer, which may include testing to determine if he has used drugs or alcohol. He shall pay all or a portion of the costs associated with treatment, based on his ability to pay, in an amount determined by the probation officer; 3) The defendant shall participate in a mental health treatment program, with an emphasis on sexual offender treatment, either inpatient or outpatient, to include participation with polygraph administration, as approved by the probation officer. He shall pay all or a portion of the costs associated with treatment, based on his ability to pay, in an amount determined by the probation officer; 4) The defendant shall be prohibited from accessing, possessing, or downloading any child pornography from any computer; 5) The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the U.S. Probation Office, of any computer related restrictions that are imposed; (see attached for additional conditions)

Mr. Riopelle began supervision on November 5, 2004 and his anticipated termination date is November 4, 2007.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**
On June 10, 2006, Mr. Riopelle participated in a polygraph examination, which revealed that he had been purchasing and viewing pornographic material which is a violation of his sexual offender treatment conditions. Mr. Riopelle admitted during the polygraph that he was coming into Hartford and driving down Broad Street for the purpose of viewing prostitutes. He revealed that he had attempted to access a pornographic web site on a local library's computer. Lastly, Mr. Riopelle admitted that he was attempting to have contact with a mentally deficient woman for the purpose of sexual relations. Mr. Riopelle has struggled with complying with treatment. He has been unprepared for group sessions on at least two occasions and has been asked to leave. He was placed in a high risk group of which he failed to attend the first session. Subsequently, he was terminated and returned to his original group. He will be placed on a probationary status with treatment given his most recent possession of pornographic material which was discovered and confiscated by the U.S. Probation Office on June 23, 2006, after a random search was conducted of his residence.

**PRAYING THAT THE COURT WILL ORDER** that this petition will serve:

☐ To extend the term of probation/supervised release for  years, for a total term of  years.
■ To modify the conditions of supervision as follows:

As a result of the above issues, it is respectfully recommended that the Court modify Mr. Riopelle's conditions of supervised release to include the following: The defendant shall be placed on home confinement with electronic monitoring for a period of 3 months. The defendant shall make all provisions for the appropriate installation of the electronic monitoring equipment. Further, the defendant shall comply with all conditions of electronic monitoring as required by the U.S. Probation Office. The defendant shall be allowed out of his residence for employment, to seek employment, medical, legal and treatment appointments, religious obligations and as otherwise pre-approved by the U.S. Probation Office. The defendant is not required to pay the costs of the electronic monitoring. Counsel for the defendant, Attorney Richard Brown, was advised of the proposed modification and is in agreement.

**ORDER OF COURT**

Considered and ordered this 30th day of June, 2006 and ordered filed and made a part of the records in the above case.

The Honorable Dominic J. Squatrito
Senior United States District Judge

Respectfully Submitted,

Jennifer Amato
United States Probation Officer

Place: Hartford, Connecticut
Date: 6/29/06

6) The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the U.S. Probation Office, of any computer related restrictions that are imposed; 7) The defendant shall have no unsupervised contact with any child under 18 years of age, including his daughter. Supervision of his interaction with any child should be only with the approval of the U.S. Probation Office and treatment provider. The defendant may, however, have unsupervised contact with his son, William; 8) The defendant shall permit the probation officer, accompanied by either local, state or federal law enforcement authorities, to conduct a search of the defendant's residence, automobile and work place for the presence of any sexually explicit material of an unlawful nature; and 9) The defendant must register as a sex offender in any state that he resides, is employed in, carries on a vocation, or is a student.

PROB 49
(3/89)

# United States District Court

### District of Connecticut

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall be placed on home confinement with electronic monitoring for a period of 3 months. The defendant shall make all provisions for the appropriate installation of the electronic monitoring equipment. Further, The defendant shall comply with all conditions of electronic monitoring as required by the U.S. Probation Office. The defendant shall be allowed out of his residence for employment, to seek employment, medical, legal and treatment appointments, religious obligations and as otherwise pre-approved by the U.S. Probation Office. The defendant is not required to pay the costs of the electronic monitoring.

Witness: _____
Jennifer Amato
U.S. Probation Officer

Signed: _____
Phillip Riopelle
Supervised Releasee

Date: 6/24/06