UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:02CR292 (AWT) |
| VS. | : | |
| PHILIP RIOPELLE | : | FEBRUARY 22, 2007 |

**BRIEF IN SUPPORT OF PHILIP RIOPELLE**
**RE:  VIOLATION OF SUPERVISED RELEASE HEARING**

This brief is in support of the defendant, Philip Riopelle, concerning the Violation of Supervised Release Hearing. On January 8, 2003, Judge Dominic Squatrito sentenced Mr. Riopelle to twenty-four (24) months incarceration, followed by three (3) years of Supervised Release for violation of 18 U.S.C. 2252A(a)(5)(B), Possession of Child Pornography. After serving his time, Mr. Riopelle commenced a term of supervised release on November 5, 2004. On January 8th, U.S. Probation (U.S.P.O. Jennifer Amato) filed this Petition.

The grounds for violation are based on a series of incidents that have occurred over the last two plus years, concerning Mr. Riopelle. None of these incidents involve violation of any criminal laws; none of these incidents involve the underlying crime, Child Pornography. Rather the charge of violation reads as follows:

> **"The defendant shall participate in a mental health treatment program, with an emphasis on sexual offender treatment, either inpatient or outpatient .... On November 21, 2006, the defendant was terminated from sexual offender treatment for non-compliance with program requirements."**
>
> (See Petition on Probation and<br>Supervised Release)

With the Special Services program, according to its director, William Hobson, the defendant sometimes came to meetings without his homework assignments; he made statements deemed to be inappropriate to third parties; he has watched adult pornography on occasion; he had consensual sex with a woman, for which there allegedly was no emotional commitment; he did some carpentry work on the second floor in a building housing a day care center while there were children (and their supervisors) on the first floor. (Much of this information was only gleaned because Mr. Riopelle honestly disclosed it to the group. Had he lied, one wonders if he'd be here today.) Mr. Hobson reports that Mr. Riopelle did not respond to the medication offered by the Special Services Program. There is no information that Special Services tried different and perhaps more appropriate

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

medications. There is no claim that Mr. Riopelle refused to participate in the use of various medications. Mr. Hobson terminated Mr. Riopelle from the program. He did not quit.

It is Mr. Riopelle's position that he wants to cooperate with U.S. Probation; that he is prepared to participate in a program of treatment; however, the program should be a meaningful one. One that is tailored for his special needs. To that end, counsel had Mr. Riopelle evaluated by Dr. Leslie Lothstein, Ph.D. ABPP, (there was a delay of 10 days as Dr. Lothstein was on vacation.) Dr. Lothstein had most if not all of the material the court had to evaluate the defendant. Dr. Lothstein has for many years specialized in the treatment of convicted sex offenders of all types with his offices at the Institute of Living in Hartford.

Dr. Lothstein, from counsel's professional experience is extremely demanding of anyone in treatment with him. For example, he refuses to treat anyone who refuses or minimizes his sexual wrongdoings. Having reviewed all the material, having interviewed Mr. Riopelle at great length, he also has concluded that Mr. Riopelle suffers from several mental health issues and needs treatment. He required Mr. Riopelle to take certain psychological testing and risk assessment test in forming his thoughts about this matter. The list is long and does include

- 3 -

Impulse Control Disorder; R/O Bipolar Disorder; Mood Disorder; Alcohol Dependence; Paraphilia NOS; Severe Head Trauma according to MVA; and other mental health issues.

The problem has been, according to Dr. Lothstein, that the "Treatment" given was inappropriate, self-defeating and ineffective. In the seven-page report attached. Dr. Lothstein reviews prior treatments and why they have been ineffective. (Note: it is <u>not</u> the intent of this brief to disparage any previous treatment program, but to suggest as diplomatically as possible, that those programs were not dealing effectively with the multiple mental health issues suffered by Mr. Riopelle.)

Dr. Lothstein notes that a combination of mental health issues coupled with a serious brain injury suffered by Mr. Riopelle has been dominating his life for a longtime, causing him to act out in several inappropriate fashions. Because of his impaired judgment, he has been unable to understand all the limitations. What is needed, according to Dr. Lothstein, is not incarceration to modify his behavior in a constrictive way, but rather appropriate and much more aggressive psycho-pharmaceutical treatment which will allow Mr. Riopelle to behave in a much more appropriate and socially acceptable fashion, in a way that he is not a danger to

himself or to others.  When counsel talked to Dr. Lothstein, it was clear that he was confident that with the right medication, coupled with appropriate individual therapy, that the treatment program can be very successful.  (See sealed attached Exhibit A, report of Dr. Lothstein.  Also under seal and attached is Exhibit B, a letter dated February 19, 2007, from a previously treating physician, C. Wendel Wickersham, M.D., confirming that at least for the last several years, Mr. Riopelle has suffered from memory loss, affecting his ability to remember.)

Additionally, two very positive events have happened in his life since his release from the program.  Aside from obeying the law and staying out of trouble, Mr. Riopelle, finally after much, much effort, has landed a terrific <u>union</u> job as a carpenter at the location of the new science museum being built in Hartford.  It's very hard labor and intensive work, but meaningful work.  (No children on the job site.)  Any incarceration would cause him to lose that job.

Second he is in a positive adult relationship with a woman who knows of his problems.  They date and enjoy each other's company.  This has not occurred in Mr. Riopelle's life for a long time.

Third, Mr. Riopelle was finally divorced earlier this week, after a long process with his now ex-wife.  Hence, that negative social pressure is now over.

In sum, while it may be tempting to lock up Mr. Riopelle for several months, as the probation office desires, it is respectfully submitted that there is a viable and much more productive alternative. It is suggested that Mr. Riopelle be ordered to engage in a more aggressive psycho-pharmaceutical treatment program, coupled with more individualized therapy to deal with his unique psychological and medical (brain injury) issues. This would allow him to maintain his employment, develop a healthy emotional relationship with an adult female. All of this is far more likely to achieve "success" in making Mr. Riopelle a positive member of the community.

DEFENDANT, PHILIP RIOPELLE

By: /s/ Richard R. Brown
Richard R. Brown
Brown, Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT 06103
Tel. (860) 522-3343
Fed. Bar No. Ct00009

- 6 -

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

## CERTIFICATION

This is to certify that a copy of this motion was sent postage prepaid this 22nd day of February, 2007 to the following:

A.U.S.A. Geoffrey M. Stone
Office of U.S. Attorney
450 Main Street, Room 328
Hartford, CT 06103

U.S.P.O Jennifer L. Amato
Office of U.S. Probation
450 Main Street
Hartford, CT 06103

_____
Richard R. Brown

- 7 -